IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-10281
Summary Calendar

_____

WILLIAM L. EASTWOOD,

Plaintiff-Appellee,

versus

JERRY D. COOK; JEFF GORE,

Defendants-Appellants,

and

TOMMY BUFFINGTON; JACK SCHULTZ;
HUNT COUNTY TEXAS; CITY OF WEST TAWAKONI,

Defendants.

_____

Appeal from the United States District Court for the
Northern District of Texas

_____

May 6, 1996

Before GARWOOD, WIENER and PARKER, Circuit Judges.

PER CURIAM:[*]

Cook and Gore have appealed the district court's order denying
their motion for summary judgment based on a qualified immunity
claim. Such a collateral order is not immediately appealable to

---

[*]      Pursuant to Local Rule 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

the extent it determines only whether the record in the case raises a genuine issue of fact. *Johnson v. Jones*, 115 S.Ct. 2151, 2156, 2159 (1995). Here the trial court, after careful analysis, determined that "there are so many disputed facts . . . that the court is unable to make a determination of the objective reasonableness of" appellants' conduct. The facts admitted or alleged by appellee or which the trial court determined to be not genuinely disputed do not, of themselves, establish that appellants are entitled to qualified immunity. It is not shown (and appellants' points on appeal do not assert) that the trial court employed an erroneous substantive or procedural legal standard in its ruling. Hence, this Court is without jurisdiction over this appeal. *Id*. *See also Hare v. City of Corinth*, 74 F.3d 633, 638 (5th Cir. 1996) (en banc). Eastwood's motion for sanctions is not well taken.

APPEAL DISMISSED; MOTION FOR SANCTIONS DENIED